# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON DEWAYNE ASHFORD, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-1517 |
| WARDEN BALTAZAR., | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

## OCTOBER 31, 2017

**I.    BACKGROUND**

Jason Dewayne Ashford, an inmate presently confined at the Canaan United States Penitentiary Waymart, Pennsylvania (USP-Canaan), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's request to proceed *in forma pauperis* will be granted for the purpose of the filing of this action with this Court. Named as Respondent is Warden Baltazar of USP-Canaan.

Petitioner states that he was convicted of possession of a firearm by a convicted felon in the United States District Court for the Northern District of Florida. As a result of his conviction, Ashford was sentenced on March 16, 2004 to a two hundred and twenty (220) month term of imprisonment. Petitioner indicates that he did not pursue either a direct appeal or seek relief via a motion

under 28 U.S.C. § 2255.

Ashford's pending action claims he is entitled to federal habeas corpus relief under the grounds announced in *Johnson v. United States*, 576 U.S.___ , 135 S. Ct. 2551 (2015) and *Welch v. United States,* __ U.S. ___, 136 S. Ct. 1257, 1262, (2016). Petitioner contends that he no longer has the necessary convictions on his record to qualify for an Armed Career Criminal Act (ACCA) sentence enhancement. He indicates that some of the predicate offenses relied upon for the ACCA enhancement have been dismissed. As relief, he asks that his sentence be corrected.

In *Johnson*, the United States Supreme Court held that the residual clause of the ACCA sentence enhancement provision was unconstitutionally vague. *See United States v. Terry*, No. 14-cv-1006, 2015 WL 4255527 (W. D. Pa. July 14, 2015). *Welch* recognized that *Johnson* is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction.

## II. DISCUSSION

Title 28 United States Code § 2241 vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A habeas corpus petition under § 2241 "allows a federal prisoner to challenge the

'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). Federal habeas corpus review may be employed by a prisoner to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir. 1993). However, relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be

determined from the petition itself. . . ." *Gorko v. Holt*, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claim via a federal habeas corpus petition. It would appear that it is Ashford's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Canaan.

When challenging the validity of a federal sentence and not its execution,[1] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in

---

[1] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his 2004 ACCA enhanced sentence which was imposed by the Northern District of Florida. Thus, he must do so by following the requirements of § 2255. As previously noted, there is no indication by Petitioner that he either filed a direct appeal or previously sought relief via a § 2255 action. Ashford's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding.

As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a

federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

The United States Supreme Court in *Welch* held that *Johnson* is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. Based upon Petitioner's representations, the sentencing court has not been afforded opportunity to address the validity of his pending *Johnson* based argument. This Court agrees with the approach taken by *Wood v. Maiorana*, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015) (Caputo, J.) and *Ruiz v. Ebbert*, 2015 WL 5997105 (M.D. Pa. Oct. 14, 2015)(Conaboy, J.) which recognized that since § 2255 plainly provides an avenue for litigating the merits of a *Johnson* based sentencing claim, such an argument should be addressed by the court which is ultimately the most appropriate forum, i.e. the sentencing court. Given the recent decision of *Welch* regarding the retroactivity of *Johnson*, and the fact that the Petitioner claims that he did not file a direct appeal or previously seek relief under § 2255, this Court will likewise take the approach suggested by *Wood*.

Pursuant to the above discussion this matter will be transferred to the Northern District of Florida, the sentencing court. It is noted that transferring this matter also protects the Petitioner's rights as a *pro se* litigant as it precludes any adverse consequences which might occur if this matter was simply dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge