IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON DEWAYNE ASHFORD,

    Petitioner,

v.                                                     CASE NO. 1:17-cv-274-MW-GRJ

WARDEN BALTAZAR,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Respondent's Motion to Dismiss. (ECF No. 16.) Petitioner has not filed a response and the time for doing so has expired.[1] For the following reasons, the Court respectfully recommends that the Petition be dismissed.

Petitioner initiated this case by filing a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner was convicted in this Court for possession of a firearm by a convicted felon in 2003. *See United States v. Ashford*, No. 1:03-cr-58-MP-AK, ECF No. 16

---

[1] Respondent filed the motion to dismiss on January 2, 2018. (ECF No. 16.) By March 22, 2018, Petitioner had not responded. The Court therefore issued an order for Petitioner to show cause by April 20, 2018, as to why his Petition should not be dismissed. (ECF No. 17.) As of the date of this Report and Recommendation, however, Petitioner has failed to respond.

(N.D. Fla. Dec. 10, 2003). He was sentenced on March 19, 2004, to 220 months imprisonment. *Id.*, ECF No. 23. Petitioner did not file a direct appeal. (ECF No. 1 at 2–3); *see generally Ashford*, No. 1:03-cr-58-MP-AK.

The Petition challenges Petitioner's 220-month sentence. (ECF No. 1.) Petitioner's sole ground for relief in the Petition is that his sentence is unconstitutional because he no longer has the predicate offenses to qualify for an Armed Career Criminal Act ("ACCA") sentence enhancement pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner argues that some of the predicate offenses relied upon for the ACCA enhancement have been dismissed. More specifically, Petitioner says that after he was sentenced in this Court, he was either acquitted of pending charges against him for robbery, burglary, and firearm possession, or the charges were reduced. (ECF No. 2 at 1–2.) Petitioner claims that these charges, which were pending when the presentence investigation report ("PSR") was prepared, "were ultimately erroneously used to enhance [him] as an Armed Career Criminal." (*Id.* at 2–3.) He therefore seeks a corrected sentence.

Section 2241 vests federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution,

laws, or treaties of the United States. § 2241(c)(3). A petition under § 2241 allows a federal prisoner to challenge the *execution* of his sentence. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Challenges to the *validity* of the sentence, however, are properly brought under 28 U.S.C. § 2255. *Id*; *Benitez v. Warden, FCI Miami*, 564 F. App'x 497, 499 (11th Cir. 2014); *see* § 2255(a) ("A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."). A challenge can only be brought under § 2241 if it "appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention. § 2255(e).

Petitions under § 2241 are properly filed in the jurisdiction in which the petitioner is incarcerated at the time he files the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Petitioner filed the Petition when he was incarcerated at the United States Penitentiary Canaan within the

Harrisburg Division of the Middle District of Pennsylvania. He therefore filed the Petition in the Middle District of Pennsylvania. In reviewing the Petition, however, the Middle District of Pennsylvania construed it as a motion to vacate under § 2255 because Petitioner "is clearly challenging the validity of his 2004 ACCA enhanced sentence which was imposed by the Northern District of Florida." (ECF No. 7 at 5); *see Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 695 (11th Cir. 2013) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)) ("A federal court may recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis."). Motions to vacate under § 2255 must be filed in the court which imposed the sentence. § 2255(a). Accordingly, based on Petitioner's representation that he had not filed a motion to vacate under § 2255, the Middle District of Pennsylvania transferred the Petition to this Court to be treated as Petitioner's first motion to vacate under § 2255. (ECF No. 7.)

Contrary to Petitioner's representation, however, Petitioner did indeed file a motion to vacate under § 2255. *See Ashford*, No. 1:03-cr-58-MP-AK, ECF No. 27. This Court denied Petitioner's motion to vacate on June 24, 2005. *Id.*, ECF Nos. 29–30. Petitioner's motion for a certificate of

appealability was denied and the United States Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal for lack of jurisdiction. *Id.*, ECF Nos. 40, 50. The mandate followed on November 8, 2005. *Id.*, ECF No. 50.

As the Middle District of Pennsylvania correctly determined, Petitioner's Petition is properly construed as a motion to vacate under § 2255 because he challenges the validity of his sentence. But, because Petitioner already filed a motion to vacate under § 2255, Petitioner must seek leave from the Eleventh Circuit to file a second or successive § 2255 motion. *See* § 2255(h). Petitioner represents in the Petition, however, that he has not sought leave to file a second or successive § 2255 motion. (ECF No. 1 at 4.) A review of PACER confirms that Petitioner has not sought leave to file a second or successive § 2255 motion. Accordingly, this Court lacks jurisdiction to consider the Petition, construed as a § 2255 motion to vacate. *See Mitchell v. United States*, 652 F. App'x 781, 783 (11th Cir. 2016) (reiterating that a district court lacks jurisdiction to consider a second or successive § 2255 motion without the appellate court's authorization) (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)).

Moreover, the Court need not stay this action to allow Petitioner to obtain permission from the Eleventh Circuit because Petitioner cannot make a prima facie showing that he is entitled to relief based on *Johnson*. *See In re Thomas*, 823 F.3d 1345, 1348 (11th Cir. 2016) (applicants seeking leave to file a second or successive § 2255 motion based on Johnson must "make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause"). *Johnson* and *Welch* have no bearing on Petitioner's sentence.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm or ammunition faces a ten-year maximum sentence unless he has three prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). In *Johnson*, the Supreme Court held that the residual clause of the ACCA's definition of "violent felony" is unconstitutionally vague. 135 S. Ct. at 2557. The Supreme Court later determined that *Johnson* was a new rule of constitutional law retroactively applicable on collateral review. *Welch*, 136 S. Ct. at 1265.

Neither *Johnson* nor *Welch*, however, had anything to do with the ACCA's "serious drug offense" provision. A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or

possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii). If the defendant committed three serious drug offenses (or violent felonies) on different occasions the defendant faces a fifteen-year mandatory-minimum sentence and up to life imprisonment. *Id.* A determination that a defendant is subject to an enhanced sentence under the ACCA also affects the sentencing guideline calculation. *See* U.S. Sentencing Guidelines Manual §§ 4B1.2, 4B1.4 (Nov. 1, 2003) [hereinafter Sentencing Guidelines].

Petitioner's PSR determined that he was an armed career criminal. *See Ashford*, No. 1:03-cr-58-MP-AK, ECF No. 51 at ¶ 26. Although the PSR did not say which of Petitioner's prior convictions served as predicate offenses, the PSR reported that Petitioner had three separate prior felony convictions in Florida state court for sale of cocaine—November 4, 1997, June 30, 1998, and April 23, 2002—each of which qualified as a "serious drug offense."*Id.* at ¶¶ 20, 36–37, 45; *see United States v. Darling*, No. 4:14-cr-29-MW-CAS, 2016 WL 7404868, at *3 (N.D. Fla. Nov. 17, 2016), *report and recommendation adopted*, 2016 WL 7391045 (N.D. Fla. Dec.

21, 2016) ("Eleventh Circuit precedent . . . is clear that Florida convictions for sale of cocaine are serious drug offenses.").[2] The PSR also determined that the firearm (which was the basis for Petitioner's federal indictment) was possessed in connection with a crime of violence—armed robbery and burglary of a dwelling. *See Ashford*, No. 1:03-cr-58-MP-AK, ECF No. 51 at ¶¶ 22, 26, 72. The ACCA enhancement and Petitioner's acceptance of responsibility resulted in a total offense level of thirty-one. *Id.* at ¶¶ 26–28. Based on a total offense level of thirty-one and a criminal history category of VI, the guideline imprisonment range was 188 to 235 months. *Id.* at ¶ 97. The PSR noted the pending robbery and burglary charges as additional criminal conduct, but there is no indication that those offenses were the basis for Petitioner's ACCA enhancement. *Id.* at 72. This Court subsequently determined that the PSR was correct and sentenced Petitioner to 220 months imprisonment. *Id.*, ECF Nos. 22–23.

Petitioner's sentence was subject to the enhanced penalty of fifteen years to life due to his three prior "serious drug offenses"—not his pending robbery and burglary charges. Although the Court determined that

---

[2] *See also* Fla. Stat. §§ 775.082(3)(c), 893.03(2)(a)4, 893.13(1)(a)1 (2001); Fla. Stat. §§ 775.082(3)(c), 893.03(2)(a)4, 893.13(1)(a)1 (1998); Fla. Stat. §§ 775.082(3)(c), 893.03(2)(a)4, 893.13(1)(a)1 (1997).

Page 9 of 12

Petitioner possessed the firearm in connection with a robbery and burglary for purposes of the guideline calculation,[3] the enhanced statutory range was based on his prior convictions for "serious drug offenses." It is therefore clear that Petitioner cannot maintain a *Johnson* claim under § 2255.[4]

Furthermore, there is no need to transfer the Petition back to the Middle District of Pennsylvania because that court also would not have jurisdiction over Petitioner's claims under § 2241.

A § 2241 petition "shall not be entertained" if a federal prisoner has

---

[3] If an armed career criminal used or possessed a firearm in connection with a "crime of violence" or a "controlled substance offense," the offense level is 34 and the criminal history category is VI. *See* Sentencing Guidelines § 4B1.4(b)(3)(A). To apply the offense level 34 and criminal history category VI under § 4B1.4(b)(3)(A), the government need only prove by a preponderance of evidence that the defendant committed a "crime of violence" in connection with the firearm possession, not that the defendant was actually convicted of that crime. *United States v. Mellerson*, 145 F.3d 1255, 1258 (11th Cir. 1998) (use of armed career criminal provision to set defendant's base offense level for possession of a firearm by a convicted felon was proper even though the assault and burglary charges filed against the defendant in connection with the firearms possession incident had been nolle prossed); *see* Sentencing Guidelines § 4B1.2(a) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."); *see also Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines is not void for vagueness because the Sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause").

[4] Even assuming Petitioner did have a viable *Johnson* claim, his claim would nevertheless be time-barred. *See* § 2255(f)(3).

failed to apply for relief via a § 2255 motion to vacate, or has already been denied such relief "unless it also appears that remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [his] detention." § 2255(e). Satisfaction of the "inadequate or ineffective" requirement under § 2255(e)—also referred to as the savings clause—is a jurisdictional requirement. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017). In the United States Court of Appeals for the Third Circuit, a federal prisoner may pass this jurisdictional requirement only when two conditions are satisfied. *Id.*

> First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." . . . . Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

*Id.* (internal citations omitted).

As the Third Circuit alluded to in transferring the Petition to this Court, Petitioner has not met the jurisdictional requirement under § 2255(e) to bring a § 2241 petition in the Third Circuit. *See* ECF No. 16. The Petition

does not allege an actual innocence claim. Instead, Petitioner challenges the validity of his sentence, which is proper via § 2255. There is therefore no reason to transfer the Petition back to the Middle District of Pennsylvania for consideration under § 2241.

Petitioner has not sought authorization to file a second or successive § 2255 motion, nor should the Court stay this action to allow Petitioner time to seek leave from the Eleventh Circuit. Furthermore, transferring the Petition back to the Middle District of Pennsylvania to be considered under § 2241 would be futile. The Petition should therefore be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Respondent's Motion to Dismiss, ECF No. 16, should be **GRANTED**.

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, should be **DISMISSED**.

**IN CHAMBERS** this 7th day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations**

**must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.